**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rhonda Spear,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Progressive Financial Services, et al.,<br><br>　　　　　　　Defendants. | No. CV-14-00577-PHX-DGC<br><br>**ORDER** |

Plaintiff has moved to transfer to the District of Utah. Doc. 7. No response has been filed. The Court will grant the motion.

This case is in its early stages. Plaintiff filed her complaint on March 20, 2014. The docket reflects that Defendant Progressive Financial Services was served on April 1, 2014, but no answer has been filed and Defendant has not appeared.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court may consider several factors in determining whether to transfer venue, including the plaintiff's choice of forum, the extent of the parties' contacts with the forum, the contacts in the forum relating to the plaintiff's cause of action, the availability of non-party witnesses, and the accessibility of evidence. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Although transfers are most commonly initiated by Defendants, Plaintiffs may also move to transfer for convenience of the parties and in the interests of justice. *Ferens v. John*

*Deere Co.*, 494 U.S. 516, 525 (1990) (noting that "[t]ransfers initiated by a plaintiff involve some different considerations, but lead to the same result.").

Plaintiff originally alleged that Defendant was a resident of Arizona. Doc. 1, ¶ 5. In her Amended Complaint, Plaintiff notes that Defendant is in fact a resident of Utah. Doc. 6, ¶ 5. Transfer will give substantial deference to Plaintiff's choice of the Utah forum, *Int'l Comfort Prods., Inc. v. Hanover House Indus., Inc.*, 739 F. Supp. 503, 506 (D. Ariz. 1989), and be more convenient for Defendant, *Impra, Inc. v. Quinton Instruments Co.*, CV-90-0383-PHX-WPC, 1990 WL 284713, *2 (D. Ariz. 1990). The Court will therefore grant Plaintiff's unopposed motion to transfer.

**IT IS ORDERED** that Plaintiff's motion to transfer (Doc. 7) is **granted**. The Clerk is directed to transfer this action to the United States District Court for the District of Utah.

Dated this 15th day of May, 2014.

_____
David G. Campbell
United States District Judge